UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV

| | |
|---|---|
| **WENDY BECKER and LARRY OSBORN**<br><br>Plaintiffs,<br><br>v.<br><br>**HOWELL AND ASSOCIATES, INC., and JOHN DOE, Individually and Jointly,**<br><br>Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the invasions of Plaintiffs' personal privacy; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; or alternatively out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq*; and violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227 by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff Wendy Becker (hereinafter Ms. Becker) is a natural person who resides in the city of Flint, Genesee County, State of Michigan; and fits the definition of "Consumer" which the Fair Debt Collection Practice Act was intended to protect under 15 U.S.C. § 1692a(3).

5. Plaintiff's fiancé, (hereinafter Mr. Osborn) is a natural person who resides in the city of

5. Flint, Genesee County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and fits the definition of "any person" which the Fair Debt Collection Practices Act was intended to protect under 15 U.S.C. § 1692k(a).

6. Defendant Howell and Associates, Inc. (hereinafter "Howell") is a Florida Corporation located at the address of 10119 Deercliff Drive, Tampa, Florida in the county of Hillsborough. Defendant Howell is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe is believed to be a natural person who identified himself as "Mr. Hill", and is employed by Defendant Howell at the address of 10119 Deercliff Drive, Tampa, Florida in the county of Hillsborough, as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In March 2009, Plaintiff Wendy Becker incurred an alleged debt of approximately $500.00, as a result of early termination fees assessed after she cancelled her Direct TV agreement with Vision Quest, her cable TV provider.

9. Plaintiff legally cancelled her contract with Direct TV, due to the fraud, non-performance, and malfeasance of Direct TV and its assignee, Vision Quest, and therefore disputes the existence of any valid debt.

10. Defendant Howell and Associates, Inc. has used abusive practices in their attempts to collect on this debt.

### *Illegal Collection Activities Begin on June 9, 2009*

11. On June 9, 2009, the Defendant attempted to contact Ms. Becker at her home number and left a message that it was "imperative" that she get in touch with Defendant Howell, without disclosing its identity as a debt collector.

12. Defendant John Doe, who identified himself as, "Mr. Hill," called again later that same day and Wendy's fiancée, co-plaintiff, Mr. Osborn answered the phone.

13. Mr. Hill failed to give the FDCPA mini Miranda warning, and immediately disclosed Wendy Becker's debt to Mr. Osborn and began pressuring Mr. Osborn to make an immediate payment over the phone.

14. Mr. Osborn explained that the account was not his and that Mr. Hill would have to call and talk to Ms. Becker on her cell phone. Mr. Hill became abusive with Mr. Osborn, who then requested that Mr. Hill not call back and terminated the call.

15. This collection communication on this occasion to Plaintiff was false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC § 1692, 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(2), and 1692f(6), amongst others.

16. Later that day, on June 9, 2009, the Defendant called Ms. Becker on her cell phone.

17. When Ms. Becker answered the phone, Mr. Hill, again without identifying himself as a debt collector, immediately began pressuring Wendy to make a payment over the phone.

18. This communication by Defendant was the first time Ms. Becker spoke with Defendants.

19. Mr. Hill demanded Ms. Becker to do a buyout of the alleged remaining balance of the contract for cable service in the amount of $500.00 via electronic check over the phone.

20. When Ms. Becker refused to pay after explaining the defective cable service, Mr. Hill responded that if she could not afford a full payment then she needed to set up arrangements for $225 per month for the next three months and that he needed postdated checks in these amounts for the next three months.

21. Ms. Becker attempted to explain to Mr. Hill that she did not have a checking account, but Mr. Hill interrupted her rudely and accused her of lying.

22. Mr. Hill then started yelling at Ms. Becker, "You need to talk to your friends and family because if you don't get back with me today I am going to put a lien on your property and file a civil lawsuit against you!"

23. At this point Wendy hung up the phone on Mr. Hill, unable to take anymore of his yelling and abusive threats.

24. This collection communication on this occasion to Plaintiffs was false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(2), and 1692f(6), amongst others.

*Illegal Collection Activities Continue on June 10, 2009*

25. On June 10th, 2009, Mr. Hill left two voice messages on Wendy's cell phone stating, "It is imperative that you get in touch with me today," again failing to identify himself as a debt collector.

26. When Mr. Hill called for the third time on June 10th, Wendy answered the phone.

27. Mr. Hill was rude and disrespectful to Ms. Becker right from the start of the conversation.

28. Ms. Becker asked if she could speak with someone else, but Mr. Hill interrupted her and yelled over her, refusing to allow Ms. Becker to speak with anyone else from Defendant Howell and Associates.

29. Ms. Becker asked for the address and contact information for Howell and Associates, and Mr. Hill responded with, "You think you are so smart," and continued in sarcastic, belittling tone, "We already sent you something in the mail."

30. Appalled with Mr. Hill's disrespectful tone of voice and undignified comments towards her, as well as his refusal to answer her questions, Ms. Becker terminated the call by hanging up the phone.

4

31. This collection communication on this occasion to Plaintiffs was false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(2), and 1692f(6), amongst others.

### *Illegal Collection Activities Continue on July 10, 2009*

32. On July 10, 2009, Mr. Hill again attempted to contact Wendy at her residence, but instead reached Ms. Becker's fiancée, Mr. Osborn.

33. Mr. Hill was aggressive and disrespectful immediately from the start of the conversation.

34. Mr. Hill demanded, "I need to talk to Wendy or her lawyer today!"

35. Mr. Osborn explained that Wendy was not home and at that point she did not have a lawyer.

36. Mr. Hill yelled at Mr. Osborn, "Who am I talking to?"

37. Wendy's fiancée, Mr. Osborn identified himself, and Mr. Hill replied, "Oh, you are the dumb-ass that works at Taco Bell."

38. Mr. Hill then went into a tirade, berating Wendy's fiancée, swearing at him, calling him names, and stating repeatedly, "we will get our money, we will get our money!"

39. Wendy's fiancée terminated this abusive call.

40. This collection communication on this occasion to Plaintiffs was false, deceptive, harassing, oppressive, and abusive communications by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(2), and 1692f(6), amongst others.

*Conclusion*

41. Defendant's collection communications are in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

    a. § 1692b(1). Contact of Third Party: Failed to identify themselves, or failed to state that the collector is confirming or correcting location information;
    b. § 1692b(2). Contact of Third Party: Stated that the consumer owes any debt;
    c. § 1692b(3). Contact of Third Party: Contacted a person more than once, unless requested to do so;
    d. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
    e. § 1692d(2). Profane language or other abusive language.
    f. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;
    g. § 1692d(6). Placed telephone calls without disclosing his/her identity;
    h. § 1692e. Any false, deceptive, or misleading representation or means in connection with the debt collection;
    i. § 1692e(3). Any individual is an attorney or that any communication is from an attorney.
    j. § 1692e(4). Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment
    k. § 1692e(5). Threaten to take any action that cannot legally be taken or that is not intended to be taken;
    l. § 1692e(7). Consumer committed any crime or other conduct in order to disgrace the consumer
    m. § 1692e(10). Any false representation or deceptive means to collect a debt or obtain information about a consumer;
    n. § 1692f . Any unfair or unconscionable means to collect or attempt to collect the alleged debt;
    o. § 1692f(6). Taken or threatened to unlawfully repossess or disable the consumer's property.

*Summary*

42. The above-detailed conduct by Defendants was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the above noted FDCPA provisions amongst others.

43. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

*Respondeat Superior Liability*

44. The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

45. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

46. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

47. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

52. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

54. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

55. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

56. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

57. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Defendant violated the TCPA twice on September 26, 2008 and once on September 29, 2008 by utilizing an automated dialer to contact Plaintiff after Plaintiff expressly advised not to call Plaintiff's residence.

60. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq.

61. As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

## COUNT IV.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

62. Plaintiff incorporates the preceding allegations by reference.

63. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

64. Plaintiff is a debtor or other protected persons as that term is defined in MCL 339.901(l).

65. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

66. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

67. These violations of the Michigan Occupation Code were willful.

## COUNT V.

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

68. Plaintiff incorporates the preceding allegations by reference.

69. Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

70. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq*.

71. Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

72. These violations of the Michigan Debt Collections Practices Act were willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT III.

### VIOLATIONS OF THE TELEPHONE CONSUMER PORTECTION ACT

### 47 U.S.C. § 227et seq.

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

### COUNT IV.

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT V.

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

                                            Respectfully submitted,

Dated: Wednesday, October 21, 2009      **REX ANDERSON PC**

                                            By:  <u>**/s/ Rex C. Anderson**</u>
Rex C. Anderson, Esq. (P47068)
Attorney for Plaintiff
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com